IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL THOMASON, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:14-00086-P-BF |
| METROPOLITAN LIFE INSURANCE COMPANY and VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joel Thomason has filed a motion to compel Defendant Verizon Employee Benefits Committee ("VEBC") to produce discovery in this civil action seeking long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Succinctly stated, Plaintiff contends that VEBC and Defendant Metropolitan Life Insurance Company are improperly withholding more than $1,250 per month in LTD benefits due to him because of an allegedly erroneous offset for pension benefits received. The summary plan description governing Plaintiff's claim for LTD benefits provides:

> Your LTD plan benefit is reduced by benefits provided from these sources:
>
> • Pension benefits from a Verizon pension plan, *if you elect to receive them*.

*See* Pl. Compl. at 4, ¶ 12 (emphasis added). According to Plaintiff, he accomplished a direct rollover of his pension benefits into an IRA as allowed by the summary plan description governing his

1

pension benefits and, thus, did not "receive" those benefits such that they would effect an offset of his LTD benefits. *Id.* at 2-3, ¶¶ 4, 6. In the alternative, Plaintiff contends that the LTD summary plan description is ambiguous and misled him into believing that he could accomplish a direct rollover of his pension benefits into an IRA without offset to his LTD benefits. *Id.* at 22, ¶ 62.

At issue in this discovery dispute are requests for admission, interrogatories, and document requests served by Plaintiff on VEBC concerning (1) the rollover of Plaintiff's pension benefits to an IRA and whether the rollover was accomplished by a "direct trustee-to-trustee transfer," (RFA Nos. 1 & 2; Interrog. No. 1), and (2) VEBC's alleged use of different wording in other LTD summary plan descriptions to address the fact that pension benefits would be offset from LTD benefits (Interrog. Nos. 3-8; RFP 16 & 17). Plaintiff contends that VEBC has given evasive answers to, or wholly failed to answer, its discovery requests. VEBC responds that it has appropriately answered or objected to Plaintiff's requests. The issues have been fully briefed, and the motion is ripe for determination.

**Requests Regarding Pension Rollover**

Plaintiff initially takes issue with VEBC's responses to his discovery requests seeking information regarding the rollover of his pension benefits to an IRA and whether the rollover was accomplished by a "direct trustee-to-trustee transfer." More specifically, he complains that VEBC's responses to his First Request for Admission ("RFA") Nos. 1 & 2 are "evasive." Rule 36 of the Federal Rules of Civil Procedure provides for requests for admission, which allow the parties to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1121 (5th Cir. 1991). Under the rule, a party served with a request for admission has thirty days to answer or object to the

request.  FED. R. CIV. P. 36(a)(3).  If a party fails to timely respond, the matter is deemed admitted and is "conclusively established," unless the court permits the admission to be withdrawn or amended.  FED. R. CIV. P. 36(a)(3), (b).  If a party responds but does not admit the matter requested, it must specifically deny, or state in detail why the party cannot truthfully admit or deny, the matter.  FED. R. CIV. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter[.]" *Id.*  An evasive or incomplete response is treated as a failure to respond.  FED. R. CIV. P. 37(a)(4).

In this case, the disputed requests for admissions and answers read as follow:

> Pl. First RFA No. 1:  VEBC does not dispute that the Verizon Management Pension Plan is a qualified plan under section 401(a) of the Internal Revenue Code.
>
> Supplemental Response:  VEBC admits that it does not dispute that the Plan is intended to be a tax qualified plan under the applicable provisions of section 401(a) of the Internal Revenue Code.
>
> Pl. First RFA No. 2:  VEBC does not dispute that a transfer from a plan qualified under section 401(a) of the Internal Revenue Code to a traditional individual retirement account [hereinafter "IRA"] by direct rollover constitutes a direct trustee-to-trustee transfer.  (*See* 26 U.S.C. § 401(a)(31); 26 U.S.C. § 402(e)(6).)
>
> Supplemental Response: . . . VEBC admits that it does not dispute that if a Pension Plan participant is entitled to a benefit under the tax-qualified Pension Plan and if the participant elects to receive a distribution of those benefits in the form of a direct rollover to an IRA, under the Internal Revenue Code, such an election to receive such pension benefits would constitute a direct transfer.

Pl. App. at 9.  Plaintiff argues that VEBC's responses to RFA Nos. 1 & 2 are evasive because VEBC did not admit or deny the requests "as worded."  *See* Pl. Motion at 8.  However, Rule 36 does not require a party to give wholly unqualified responses to requests for admission.  *See* FED. R. CIV. P. 36(a)(4).  So long as the party's responses fairly meet the substance of the requests, the responses are effective to avoid the result of a deemed admission.  *See, e.g., Harris v. Oil Reclaiming Co., Ltd.*,

3

190 F.R.D. 674, 676-77 (D. Kan. 1999) (defendant's responses fairly met the substance of the requests although they did not simply admit or deny them; the responses which stated that defendant took actions "in his capacity as an agent of" the general partner was a fair qualification of the response); *see also U.S. ex rel. Dyer v. Raytheon Co.*, No. Civ. A. 08-10341-DPW, 2013 WL 5348571, *5 (D. Mass. Sept. 23, 2013) (response is not evasive if party qualifies answer to address what it perceives as a potentially problematic ambiguity).  In its response to Plaintiff's motion to compel, VEBC explains how the disputed requests address complex issues of tax law and why it could not simply admit or deny Plaintiff's requests "as worded."  In particular, VEBC explains that whether a plan is "qualified" is a determination made by the IRS, not VEBC. Def. Resp. at 7.  The court finds that VEBC's responses to RFA Nos. 1 & 2 fairly meet the substance of the requests and satisfy the minimum requirements of Rule 36.  Accordingly, Plaintiff's motion to compel is denied with respect to RFA Nos. 1 & 2.

Plaintiff similarly complains that parts of VEBC's response to his Interrogatory No. 1 are evasive.  The disputed interrogatory is a contention interrogatory that asks VEBC to "state the basis for each of the denials expressed in Defendants' Answer to Plaintiff's Original Complaint." Pl. App. at 36-39.  Plaintiff objects to VEBC's response with respect to portions of paragraphs 27 and 42 of his complaint, which allege:

> 27. The transfer of Thomason's pension benefits by direct rollover into an IRA was completed on June 1, 2010. (Attachment 9) As a matter of law, Thomason's pension benefits were transferred from the trustee of the Verizon Management Pension Plan (Attachment 4) to Fidelity Management Trust Company (Attachment 9) by "direct trustee-to-trustee transfer."  As a result, the pension funds are no more in Thomason's possession than they were before the transfer.

\* \* \*

4

> 42. Thomason (through his attorney) again asked MetLife to reconsider its adverse benefit determination, and submitted additional documents and information for MetLife's consideration, by letter dated November 6, 2013. The additional documents included the 2010 Form 5500 for the Verizon Management Pension Plan, rebutting the interpretation of the Pension Plan Special Tax Notice Regarding Plan Payments that was stated in MetLife's letter dated July 10, 2013, which contradicted the very tax rules that the tax notice was supposed to explain. As discussed above, the 2010 Form 5500 confirms that the plan is a qualified plan under section 401(a) of the Internal Revenue Code. (Attachment 22 at Note 8 to Financial Statements.) As a matter of law, therefore, the direct rollover from a qualified plan to an IRA constitutes a "direct trustee-to-trustee transfer," the IRA constitutes a "trust," and the custodian of the IRA funds is a "trustee."

Pl. App. at 36.

VEBC denied the allegations contained in the second and third sentences of paragraph 27 and the second, third, and fourth sentences of paragraph 42. *See id.* at 37-38. VEBC further explained:

> Defendants denied the allegations contained in [the second and third sentences of paragraph 27 and the second, third, and fourth sentences of paragraph 42] because they are legal arguments and pursuant to the terms of the Plan, MetLife properly offset the pension plan benefits Thomason received. This issue has been litigated and decided in another case brought by Plaintiff's counsel for another participant in the Plan. *See Phillips v. Metropolitan Life Ins. Co.*, 405 S.W.3d 880 (Tex. App. – Dallas 2013, no pet.). Defendants deny the "as-a-matter-of-law" statements made in the Complaint because Plaintiff apparently seeks to apply technical tax laws to the interpretation of a provision in an ERISA-governed disability plan in which the law is clear that the terms are to be given their ordinary meaning.

Def. Resp. at 9.

Plaintiff disputes VEBC's characterization of the *Phillips* decision and demands that VEBC provide more a detailed answer to Interrogatory No. 1 that recognizes certain factual distinctions between *Phillips* and the instant case. Pl. Mot. at 10. However, this discovery dispute is not the

proper forum to test the merits of the parties' legal arguments. Nor is Plaintiff entitled to dictate the contents of VEBC's interrogatory answers. VEBC's response denies Plaintiff's legal assertions and generally explains the basis for its own legal contentions. This is all that is required. *See Alexander v. Hartford Life and Accident Ins. Co.*, No. 3:07-CV-1486-M, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008) (response that generally explains the basis for each denial and affirmative defense pled is a sufficient answer to a contention interrogatory). Plaintiff's motion to compel is therefore denied with respect to Interrogatory No. 1.

**Requests Regarding Offset Language**

Plaintiff also challenges VEBC's responses to discovery requests seeking information regarding offset language used in a 2005 summary plan description governing certain other non-management employee's LTD benefits. Specifically, the 2005 summary plan description stated:

> Your LTD benefit from the plan is reduced by benefits provided from
> these sources:
>
> * * *
>
> • Payments from the Verizon Pension Plan.

*See* Pl. Compl. at 5, ¶ 13. Plaintiff contends that this language clearly conveys that any payment of pension benefits will result in an offset to LTD benefits and that VEBC's use of different language in the 2008 summary plan description that governed Plaintiff's benefits was misleading. *See* Pl. Mot. at 14. The disputed discovery requests include six interrogatories and two requests for production that seek information regarding the offset language used in the 2005 summary plan description. VEBC objects to these discovery requests on relevancy grounds because the language used in the 2005 summary plan description is not at issue in this case. VEBC further objects that the discovery requests exceed the scope of permissible discovery in an ERISA action. Plaintiff responds

that its requests are relevant to its claim under 29 U.S.C. § 1132(a)(3) that VEBC breached its fiduciary duty by failing to draft the summary plan description in a manner that could be understood by the average plan participant in violation of 29 U.S.C. § 1022(a).

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Judicial review of an ERISA plan administrator's decision to deny benefits is generally restricted to consideration of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc), *abrogated on other grounds, Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Limited exceptions exist, however, for discovery of: (1) evidence of conflicts of interest on the part of the plan administrator; (2) evidence related to how an administrator has interpreted terms of the plan in other instances; and (3) evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim. *See id.*; *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000). In the Fifth Circuit, district courts have a duty to "monitor discovery closely" in ERISA cases and limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit" considering, among other things, the needs of the case and the importance of the discovery in resolving the issues. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citing FED. R. CIV. P. 26(b)(2)(C)(iii)).

Here, it is undisputed that Plaintiff's claims are governed by the 2008 summary plan description for the LTD plan for Verizon's management employees. *See* Pl. Compl. at 4, ¶ 11. The 2005 summary plan description for the LTD plan governing non-management employees is not applicable to Plaintiff's claims, and discovery regarding the development of language used in the

7

2005 summary plan description is not relevant. Plaintiff's suggestion that discovery may reveal that VEBC chose the language in the 2008 summary plan description over other language in order to induce employees to make elections that would effectively reduce the amount of LTD benefits they receive is purely speculative. VEBC's objections are sustained, and Plaintiff's motion to compel VEBC to answer Interrogatories No. 3-8 and RFP No. 16 and 17 is denied.

## Conclusion

Plaintiff's Motion to Compel (Doc. 34) is DENIED.

SO ORDERED, April 27, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE