IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL THOMASON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:14-cv-00086-P-BF |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY and VERIZON EMPLOYEE | § | |
| BENEFITS COMMITTEE, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joel Thomason has filed a motion to compel Defendant Metropolitan Life Insurance Company ("MetLife") to produce discovery in this civil action seeking long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Succinctly stated, Plaintiff contends that MetLife and Defendant Verizon Employee Benefits Committee ("VEBC") are improperly withholding more than $1,250 per month in LTD benefits due to him because of an allegedly erroneous offset for pension benefits received. According to Plaintiff, however, he accomplished a direct rollover of his pension benefits into an IRA as allowed by the summary plan description governing his pension benefits and, thus, did not "receive" those benefits such that they would effect an offset of his LTD benefits. *Id.* at 2-3, ¶¶ 4, 6. In the alternative, Plaintiff contends that the summary plan description that governs his disability benefits is ambiguous and misled him into believing that he could accomplish a direct rollover of his pension benefits into an IRA without offset to his LTD benefits. *Id.* at 22, ¶ 62. Plaintiff seeks to recover the allegedly wrongfully-

1

withheld disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) or, in the alternative, the value

of his past and future benefits under 29 U.S.C. § 1132(a)(3).  Plaintiff also seeks to recover $110 per

day from August 21, 2013 as a penalty for defendants' failure to provide plan documents under

29 U.S.C. § 1132(c), attorney's fees, and expenses.

At issue in this discovery dispute are requests for admission, interrogatories, and document

requests served by Plaintiff on MetLife concerning (1) the rollover of Plaintiff's pension benefits to

an IRA and whether the rollover was accomplished by a "direct trustee-to-trustee transfer," (RFA

Nos. 1, 2 & Interrog. No. 1); (2) MetLife's role as a fiduciary, (RFP Nos. 14, 15); and (3) MetLife's

application of an offset for pension benefits on other occasions, (Interrog. Nos. 3-7, 9-15 & RFP

Nos. 25, 30).  Plaintiff contends that MetLife has raised invalid objections and failed to answer its

discovery requests.  MetLife responds that it has appropriately answered or objected to Plaintiff's

requests.  The issues have been fully briefed, and the motion is ripe for determination.

## Legal Standards

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any

nonprivileged matter that is relevant to any party's claim or defense[.]"  FED. R. CIV. P. 26(b)(1).

In the discovery context, "relevancy" is broadly construed, and relevant matter includes "any matter

that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may

be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Notwithstanding

the broad scope of discovery, district courts must limit discovery if "the burden or expense of the

proposed discovery outweighs its likely benefit" considering, among other things, the needs of the

case, the amount in controversy, the importance of the issues at stake, and the importance of the

discovery in resolving those issues.  *See* FED. R. CIV. P. 26(b)(2)(C)(iii).  District courts in ERISA

2

cases have a particular duty to "monitor discovery closely" and guard against abuse that would undermine the statute's goal of resolving claims efficiently and inexpensively.  *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *see also Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) (noting ERISA discovery is limited to the administrative record to achieve ERISA's goal of resolving claims "efficiently and inexpensively").

### Requests Regarding Pension Rollover

Plaintiff challenges MetLife's responses to its discovery requests seeking information regarding the rollover of his pension benefits to an IRA and whether the rollover was accomplished by a "direct trustee-to-trustee transfer."  More specifically, he complains that MetLife's responses to his First Request for Admission ("RFA") Nos. 1 & 2 are "evasive."  Rule 36 of the Federal Rules of Civil Procedure provides for requests for admission, which allow the parties to narrow the issues for trial by identifying and eliminating those matters on which the parties agree.  *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1121 (5th Cir. 1991).  Under the rule, a party served with a request for admission has thirty days to answer or object to the request. FED. R. CIV. P. 36(a)(3).  If a party fails to timely respond, the matter is deemed admitted and is "conclusively established," unless the court permits the admission to be withdrawn or amended. FED. R. CIV. P. 36(a)(3), (b).  If a party responds but does not admit the matter requested, it must specifically deny, or state in detail why the party cannot truthfully admit or deny, the matter. FED. R. CIV. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter[.]"  *Id.*  An evasive or incomplete response is treated as a failure to respond.  FED. R. CIV. P. 37(a)(4).

In this case, the disputed requests for admissions and answers read as follow:

Pl. First RFA No. 1:  MetLife does not dispute that the Verizon Management Pension Plan is a qualified plan under section 401(a) of the Internal Revenue Code.

Response:  Admit that the Plan is intended to be a tax qualified plan under the applicable provisions of section 104(a) of the Internal Revenue Code.

Pl. First RFA No. 2:  MetLife does not dispute that a transfer from a plan qualified under section 401(a) of the Internal Revenue Code to a traditional individual retirement account [hereinafter "IRA"] by direct rollover constitutes a direct trustee-to-trustee transfer.  (*See* 26 U.S.C. § 401(a)(31); 26 U.S.C. § 402(e)(6).)

Response:   MetLife objects to this Request as being vague, overbroad, unclear, confusing, ambiguous and containing unidentified terms.  MetLife further objects to this request because it is outside the scope of a permissible request for admission in that it seeks admissions of law unrelated to the facts of the case.  See Fed. R. Civ. P. 36.

Pl. App. at 9.    Plaintiff notes that MetLife's response to the first request is strikingly similar to VEBC's response to an identical request, which it challenged as deficient because VEBC did not admit or deny the request "as worded."  *See* Pl. Motion at 16.  However, Rule 36 does not require a party to give wholly unqualified responses to requests for admission.  *See* FED. R. CIV. P. 36(a)(4).  So long as the party's responses fairly meet the substance of the requests, the responses are effective to avoid the result of a deemed admission.  *See, e.g., Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 676-77 (D. Kan. 1999) (defendant's responses fairly met the substance of the requests although they did not simply admit or deny them; the responses which stated that defendant took actions "in his capacity as an agent of" the general partner was a fair qualification of the response); *see also U.S. ex rel. Dyer v. Raytheon Co.*, No. Civ. A. 08-10341-DPW, 2013 WL 5348571, *5 (D. Mass. Sept. 23, 2013) (response is not evasive if party qualifies answer to address what it perceives as a potentially problematic ambiguity).  The court finds that MetLife's response to RFA No. 1 fairly

4

meets the substance of the request and satisfies the minimum requirements of Rule 36. The court further sustains MetLife's objection to RFA No. 2. Rule 36 provides that parties may request admissions regarding factual matters and matters involving the application of law to facts, but not purely legal matters. *In re: Carney v. Internal Revenue Serv.*, 258 F.3d 415, 419 (5th Cir. 2001). Plaintiff's RFA No. 2 improperly asks MetLife for a legal conclusion. Plaintiff's motion to compel is therefore denied with respect to RFA Nos. 1 and 2.

Plaintiff also complains that MetLife's response to his Interrogatory No. 1, which is identical to an interrogatory served on VEBC, is deficient because it is identical to the answer served by VEBC. Plaintiff fails to make any specific argument regarding MetLife's answer and merely attempts to incorporate the arguments he made in support of his motion to compel discovery from VEBC. The disputed interrogatory is a contention interrogatory that asks MetLife to "state the basis for each of the denials expressed in Defendants' Answer to Plaintiff's Original Complaint." Pl. App. at 63. As the court noted in its order denying Plaintiff's motion to compel VEBC to answer an identical interrogatory, Plaintiff is not entitled to dictate the contents of his adversary's interrogatory answers. MetLife's response denies Plaintiff's legal assertions and generally explains the basis for its legal contentions. This is all that is required. *See Alexander v. Hartford Life & Accident Ins. Co.*, No. 3:07-CV-1486-M, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008) (response that generally explains the basis for each denial and affirmative defense pled is a sufficient answer to a contention interrogatory). Plaintiff's motion to compel is therefore denied with respect to Interrogatory No. 1.

### Requests Pertaining to MetLife's Role as a Fiduciary

Plaintiff next contends that MetLife has refused to answer discovery directed to whether, and to what extent, MetLife's claims personnel were informed of their "role as a fiduciary." Specifically, Plaintiff seeks to compel MetLife to fully answer Request for Production ("RFP") Nos. 14 and 15, which seek "[a]ll correspondence, guidelines, policies, procedures, forms, manuals and other written instructions" that governed Shelley D'Amico's or Shanelle Lawrence's "role as a fiduciary" with respect to their handling of Plaintiff's claim. Pl. App. at 85. According to Plaintiff, D'Amico and Lawrence each authored one of the denial letters issued by MetLife. Pl. Mot. at 13.

To both requests, MetLife responded:

> MetLife objects to this Request because it is vague, ambiguous, confusing, overbroad, unduly burdensome and unclear. Further, the information Plaintiff seeks is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. MetLife objects to this Request because it seeks information that is not properly discoverable given the needs and issues of this ERISA case under FED. R. CIV. P. 26(b). MetLife objects to this Request to the extent Plaintiff seeks to discover confidential and proprietary information. Moreover, this Plan is self-funded and is not subject to conflict discovery. *See Crosby*. . . .

Pl. App. at 85. MetLife also produced its Administrative Services Agreement, subject to a protective order. It argues that this contract, together with its claims file and information concerning its past interpretation of the specific offset provision at issue is all the discovery required under the law. Def. Resp. at 12.

MetLife's objections are sustained. Plaintiff's request for "[a]ll correspondence, guidelines, policies, procedures, forms, manuals and other written instructions" that governed a claims administrator's "role as a fiduciary" is vague. Plaintiff's assertion that additional responsive information exists because "[o]ne of MetLife's competitors repeatedly addresses its fiduciary role

6

in an internal memo," Pl. Reply at 10, is merely speculative.  Plaintiff's motion to compel is denied

with respect to RFP Nos. 14 and 15.

### Requests Regarding MetLife's Application of Offset on Other Occasions

Finally, Plaintiff challenges MetLife's responses to discovery requests seeking information

about the application of pension offsets on other occasions.  Plaintiff is a participant in the Verizon

Management Long-Term Disability Plan for non-Hawaii management employees.  This LTD plan

is one component of "The Plan for Group Insurance," a comprehensive ERISA benefits plan funded

by Verizon Communications Inc. and comprised of, among other things, several distinct LTD plans

that apply to various employee populations.  Plaintiff's claim for LTD benefits is governed by the

2008 version of The Plan for Group Insurance and the 2008 summary plan description applicable

to the LTD plan for non-Hawaii management employees.  In relevant part, the applicable summary

plan description contains the following offset provision:

> Your LTD plan benefit is reduced by benefits provided from these
> sources:
>
>> • Pension benefits from a Verizon pension plan, *if
>> you elect to receive them*.

*See* Pl. Compl. at 4, ¶ 12 (emphasis added).

Several of Plaintiff's discovery requests at issue in the instant motion to compel seek

information and documents pertaining to LTD plans, summary plan descriptions, and offset

provisions other than the ones that govern Plaintiff's claim for benefits.  In particular, Plaintiff's

Interrogatory Nos. 3-6 and 11-15 seek information related to benefits determinations governed by

wording in summary plan descriptions *other than* the wording used in the 2008 summary plan

description applicable to the LTD plan for non-Hawaii management employees.  Pl. App. at 53, 55.

7

Plaintiff's RFP No. 30, which seeks information pertaining to *any* Verizon disability plan, is similarly not limited to the 2008 summary plan description for the LTD plan at issue here. *See id.* at 79.

MetLife's objections to these discovery requests on relevancy grounds are well-taken. It is undisputed that Plaintiff's claim that MetLife improperly withheld LTD benefits due to him is governed by a particular provision in the 2008 summary plan description applicable to a particular component LTD plan for non-Hawaii management employees. *See* Pl. Compl. at 4, ¶ 11. However, the disputed discovery requests pertain to offset provisions in summary plan descriptions for LTD plans other than the provision that governs Plaintiff's claim for benefits. These requests are not relevant to Plaintiff's claims. Although Plaintiff insists that he is entitled to conduct discovery concerning MetLife's handling of claims arising under the "single" Plan for Group Insurance in "similar situations," he fails to explain how different claims decisions could be sufficiently "similar" if they are governed by different offset provisions. "Similar situations" require, at least, the same governing offset provision. MetLife's relevancy objections are sustained, and Plaintiff's motion to compel MetLife to answer Interrogatories No. 3-6 and 11-15 and RFP No. 30 is denied.

The court comes to a different conclusion regarding Plaintiff's Interrogatory Nos. 7 and 10, which seek information regarding other claims under the same LTD plan that governed Plaintiff's claim or other plans with the same language. MetLife objects that Plaintiff's discovery requests "go far beyond relevant information" and are unduly burdensome because there is "no easy or automated way" for it to identify responsive information. Def. Resp. at 7, 8. Contrary to MetLife's assertions, a significant factor in the court's review of Plaintiff's claim is whether MetLife gave the applicable LTD plan a uniform construction. *See Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d

252, 258-59 (5th Cir. 2009) (in determining whether ERISA plan administrator correctly interpreted relevant provision, court considers, among other things, whether the administrator consistently applied the plan to similarly situated applicants). Evidence of how MetLife has interpreted the governing LTD plan and/or identical offset provisions in other plans is relevant, or reasonably likely to lead to other relevant information, and therefore discoverable.

MetLife has revealed that twelve participants in the same LTD Plan that governs Plaintiff's claim were similarly subject to an offset for pension benefits they received through an IRA rollover. *See* Pl. App. at 69. Plaintiff's Interrogatory No. 7 seeks identifying information about the MetLife employees who were involved in those determinations. These individuals reasonably could have relevant information about whether MetLife gave the applicable LTD plan a uniform construction. MetLife should identify these individuals with potentially relevant information so that Plaintiff can determine whether to seek additional information from them. Plaintiff's Interrogatory No. 10 seeks additional information about an employee, Matthew Hallford, who played a key role in another LTD benefits determination involving a similar alleged direct rollover of pension benefits. Information about Hallford's role in other benefits determinations reasonably could lead to relevant information about whether MetLife gave the applicable LTD plan a uniform construction.

The fact that there is "no easy or automated way" for MetLife to identify responsive information is not a valid objection. MetLife has represented there are only twelve such claims files that are responsive to Plaintiff's requests. It is not an undue burden for MetLife to manually review twelve files to determine identifying information for the MetLife employees who were involved in the claim determinations affecting those files. Accordingly, MetLife's objections are overruled, and

Plaintiff's motion to compel MetLife to answer Interrogatories No. 7 and 10 is granted. MetLife has answered Interrogatory No. 9, and Plaintiff's motion is denied as to that request.

Plaintiff also seeks to compel MetLife to fully respond to RFP No. 25, which seeks "[a]ll correspondence, emails, meeting minutes, guidelines, policies, procedures, forms, and manuals, created or utilized by MetLife on or after March 1, 2003 that address the interpretation of" the 2008 summary plan description applicable to the LTD plan for non-Hawaii management employees. Pl. App. at 86. MetLife objected that Plaintiff's request is irrelevant to the extent it seeks information prior to July 2006, the date MetLife became the claim administrator for the LTD plan at issue. MetLife further responded by stating it would produce its guidelines responsive to Plaintiff's request and directing Plaintiff to emails in a related litigation file in the possession of plaintiff's counsel. *Id.* The parties dispute whether MetLife produced the guidelines as promised. Plaintiff's motion to compel is granted to the extent MetLife has not produced the guidelines identified in its response to RFP No. 25.

### Conclusion

Plaintiff's Motion to Compel (Doc. 37) is GRANTED in part and DENIED in part. MetLife must answer Plaintiff's Interrogatory Nos. 7 and 10 and produce the guidelines identified as responsive to Plaintiff's RFP No. 25 by **May 15, 2015.** In all other respects, motion is denied.

SO ORDERED, April 27, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

10