IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL THOMASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-86-K |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, and VERIZON | § | |
| EMPLOYEE COMMITTEE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Renewed Motion for Attorney's Fees (Doc. No. 153). After carefully considering the motion, the response, the reply, and the applicable law, the Court **GRANTS in part and DENIES in part** Plaintiff Joel Thomason's motion for attorney's fees. Because Thomason achieved some success on the merits, the Court **AWARDS** Thomason attorney's fees. However, because Thomason used block billing, the Court applies a 10% deduction and awards Thomason a total of $243,650.18 in attorney's fees.

I. Background

This Employee Retirement Income Security Act ("ERISA") case arose from a dispute between Plaintiff Joel Thomason ("Thomason") and Defendants Metropolitan Life Insurance Company and Verizon Employee Committee (collectively "MetLife")

1

over whether Thomason elected to receive benefits when he used direct rollover to move his benefits to his IRA. The Court granted summary judgment on Thomason's 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) claims, finding the plan administrator incorrectly interpreted the meaning of "elected to receive" pension benefits. *Thomason v. Metropolitan Life Ins. Co.*, 165 F. Supp. 3d 512, 519 (N.D. Tex. 2016) (Solis, J.). However, the Court denied summary judgment on Thomason's § 1132(c) claim, finding insufficient evidence that Thomason was prejudiced by the delay in receiving the pension-plan document and trust agreement from MetLife. *Id.* at 522. Having found MetLife liable, the Court entered final judgment in favor of Thomason. On appeal, the Fifth Circuit affirmed the Court's grant of summary judgment. *Thomason v. Metropolitan Life Ins. Co.*, 703 Fed. App'x 247, 253 (5th Cir. 2017).

Following the appeal, Thomason filed this renewed motion for attorney's fees, contending he has incurred $270,320.93 in reasonable attorney's fees, which includes $3,613.43 in Westlaw charges for legal research. Thomason also argues his attorney is entitled to a delay enhancement of $9,204.63 due to the year delay from MetLife's appeal and is entitled to conditional attorney's fees if MetLife seeks review from the Supreme Court. MetLife argues Thomason is not entitled to a delay enhancement for the brief period of the appeal. MetLife also contends Thomason's attorney's fees should be reduced for block billing, time spent on three unnecessary motions, and time spent on the renewed request for attorney's fees.

II. Applicable Law

Section 1132(g)(1) of ERISA allows the court, in its discretion, to award reasonable attorney's fees to either party. 29 U.S.C. § 1132(g)(1). The court can award attorney's fees when "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y].'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n. 9 (1983)). While courts have previously applied five factors as a guide to determine whether a party achieved "some success on the merits," the Supreme Court found applying these factors are discretionary because the factors "bear no obvious relation" to the text of § 1132(g)(1). *Id*. at 254–55.

Once the court has determined the party is entitled to attorney's fees, the lodestar method determines the reasonableness of attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Under the lodestar method, "the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'" *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

III.   Analysis

   A. Thomason Is Entitled to Attorneys Fees Because He Achieved Some Success on the Merits.

MetLife does not challenge Thomason's entitlement to attorney's fees under the "some success on the merits" standard as to the case as a whole. However, MetLife does challenge Thomason's request for attorney's fees for his two motions to compel and his renewed motion for attorney's fees.

Thomason is entitled to attorney's fees because he achieved "some success on the merits." *See Thomason*, 165 F. Supp. 3d at 519. The Court entered judgment in Thomason's favor based on the merits of his claims for benefits and equitable relief under ERISA, and the Fifth Circuit affirmed this Court's decision on July 18, 2017. *Thomason*, 703 Fed. App'x at 253. Because Thomason clearly achieved some success on the merits and MetLife does not challenge Thomason's right to receive attorney's fees for the case as a whole, there is no need to consider the discretionary five factors to award attorney's fees. *See Hardt*, 560 U.S. at 254–55. Thus, the Court finds Thomason is entitled to attorney's fees.

MetLife argues Thomason should not receive attorney's fees for two allegedly unnecessary motions to compel or for his renewed request for attorney's fees. "The fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). The Fifth Circuit affirmed an award of attorney's fees, finding the district court's award

4

"for work on dismissed state law claims was not an abuse of discretion because LifeCare achieved 'some degree of success on the merits' in the overall litigation." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013). The court considers whether the attorney "reasonably expended" hours on work that later proved only partially successful. *Hensley*, 461 U.S. at 436.

MetLife argues Thomason should not receive attorney's fees for the two motions to compel because Thomason was later granted summary judgment without the benefit of using the requested discovery. MetLife argues that Thomason's success without the use of that discovery shows the motions to compel were unnecessary. However, Thomason filed the two motions to compel over three months before filing his motion for summary judgment. Thomason could not have known at the time of filing the motions to compel that the Court would grant his motion for summary judgment or that the case would not go to trial. Under the circumstances, Thomason's attorney reasonably expended time drafting the motions to compel, believing they could produce documents that would help him if the case went to trial. *See id*. Therefore, the Court will not deduct the time spent on the motions to compel.

MetLife also argues Thomason should not receive attorney's fees for the renewed motion for attorney's fees because portions of the renewed motion are identical to Thomason's original motion for attorney's fees. Thomason's renewed motion includes additional arguments not in the original motion for attorney's fees and includes an

5

appendix with more hours billed due to the appeal. The Court finds the additional hours spent on the renewed motion for attorney's fees is reasonable and will not reduce these hours. *See id*.

Because Thomason had some success on the merits and Thomason reasonably expended time on the motions to compel and renewed motions for attorney's fees, Thomason is entitled to attorney's fees. *See id*.

### B. Thomason's Attorney's Fees

Having found Thomason is entitled to attorney's fees, the Court must apply the lodestar method to determine the reasonableness of the attorney's fees requested. *See Black*, 732 F.3d at 502.

#### 1. Reasonable Hours

Thomason argues his attorney reasonably expended a total of 699.9 hours. Thomason states his attorney reasonably expended 530.1 hours from the time he began preparing the original complaint on January 10, 2014 to June 30, 2016. On July 1, 2016, Thomason's attorney's rate increased from $375 to $400 an hour. Thomason contends his attorney reasonably expended 149.8 hours from July 1, 2016 to August 1, 2017, when he filed his motion for attorney's fees. Thomason alleges his attorney would likely spend an additional 20 hours to review and draft a reply to MetLife's response to the renewed motion for attorney's fees. MetLife contends Thomason's

attorney's fees are unreasonable because his attorney used block billing and failed to specifically state how much time he spent on different tasks.

The Court's first step is to determine the compensable hours listed in the attorneys' time records. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). The party seeking a fee award bears the burden of showing the reasonableness of the hours billed. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

Courts disfavor "block billing," which is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *See Fralick v. Plumbers and Pipefitters Nat. Pension Fund*, Civ. Action No. 3:09-CV-0752-D, 2011 WL 487754, at *4–5 (N.D. Tex. Feb. 11, 2011) (Fitzwater, CJ.) (quoting *Glass v. U.S.*, 335 F. Supp.2d 736, 739 (N.D. Tex. 2004) (Lindsay, J.)). Block billing prevents the court from accurately determining if the number of hours spent on any particular task was reasonable. *Id*. at *5. When the court cannot determine the reasonableness of the hours expended because too many tasks are lumped together, the court applies a 10% deduction. *Id*.

MetLife argues Thomason's requested attorney's fees are not reasonable and should be reduced because Thomason's attorney used block billing. The Court finds Thomason's attorney did use block billing, listing multiple tasks performed in one specified time period. *See id*. For example, Thomason's attorney states he spent seven hours one day reviewing a motion to approve supercedeas bond and stay execution, preparing a response to MetLife's motion to extend time to appeal, researching, editing a draft of Mr. Thomason's declaration, and corresponding with his client. From this block entry the Court cannot determine how much time was spent reading and drafting emails to his client versus researching the motions to extend time or whether such amount of time was reasonable. Because it is impossible to determine how much time was spent on each task due to the block billing time-keeping method, the Court cannot evaluate whether Thomason's attorney spent the time reasonably. *See id*. The Court concludes a 10% deduction is appropriate. *See id* at *6. Thus, the 530.1 hours expended from January 10, 2014 to June 30, 2016 is reduced to 477.09 hours, the 149.8 hours expended from July 1, 2016 to August 1, 2017 is reduced to 134.82 hours, and the additional 20 hours likely spent on reviewing and replying to MetLife's response is reduced to 18 hours.

While Thomason also asked for conditional attorney's fees if MetLife seeks review by the Supreme Court, the Court declines to award any further attorney's fees.

*See OneBeacon Ins. Co. v. T. Wade Welch & Assoc.*, Civ. Action No. H-11-3061, 2015 WL 5021954, at *14 (S.D. Tex. Aug. 24, 2015).

### 2. Reasonable Rate

Thomason contends his attorney's hourly rate is reasonable. Thomason's hourly rate from January 10, 2014 to June 30, 2016 was $375. On July 1, 2016, Thomason's attorney increased his hourly rate to $400. MetLife does not contend these rates are unreasonable.

After determining the reasonable hours expended, the second step in the lodestar method is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Again, the party seeking attorney's fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir.1996). Thomason's attorney's hourly rate was $375 from January 1, 2011 through June 30, 2016. Thomason's hourly rate increased to $400 effective July 1, 2016. Thomason argues these rates are reasonable within the Dallas legal market. MetLife does not dispute the reasonableness of these rates. Because after careful consideration the Court finds these rates reasonable, the Court will apply the hourly rate of $375 and $400 to hours worked during the relevant time periods.

### 3. No Delay Enhancer

Thomason argues he is entitled to a delay enhancer due to the delay in receiving attorney's fees caused by MetLife's appeal. MetLife responds that the appeal only delayed the attorney's fees by fourteen months, which is a vastly shorter period of time than the cases Thomason cites in support of his argument. The Court finds that a delay enhancer is inappropriate here given the relatively short period of time the appeal delayed the attorney's fee award.

Thomason cites the Court to a number of cases in which courts granted a delay enhancer to account for interest that would have accrued on the attorney's fees had they been awarded at the time the attorneys completed the work. *See Walker v. U.S. Dept. of Hous. and Urban Dev.*, 99 F.3d 761, 773 (5th Cir. 1996). In the cases Thomason references, the attorney's fees were delayed for several years. *See id.* at 765–66 (The parties spent six years in litigation and two years litigating attorney's fees.); *Gates v. Collier*, 616 F.2d 1268, 1276 (5th Cir. 1980) ("Most of the attorney's fees at issue were awarded in 1973," seven years before the court awarded attorney's fees.); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990) (The court properly applied a delay enhancer because it had been "ten or fifteen years after the services were rendered."). Here, the alleged delay stems from MetLife's appeal of the Court's decision. The Court entered final judgment in this case in April 2016, which MetLife appealed, and the Fifth Circuit affirmed the Court's decision in July 2017. The fourteen-month delay

between entry of final judgment and the Fifth Circuit's decision is not sufficient to warrant a delay enhancer. Thomason has failed to cite authority supporting a delay enhancer for such a relatively brief period of time. Thus, the Court declines to apply a delay enhancer to the attorney's fees.

### 4. Computer-Based Legal Research

Thomason requested reasonable Westlaw charges of $3,613.43, and MetLife did not object to these charges. While the Fifth Circuit has not addressed legal research charges, district courts have awarded these charges as attorney's fees because computer-based legal research decreases the time attorneys spend on legal research. *See Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789, 800 (N.D. Tex. 2013) (Furgeson, J.); *see also HCC Aviation Ins. Grp. Inc. v. Employers Reinsurance Corp.*, Civ. Action No. 3:05-CV-744-BH, 2008 WL 850419, at *11 (N.D. Tex. March 21, 2008) (Lynn, J.). Because the Court finds the Westlaw charges reasonable and MetLife does not object, the Court awards Thomason $3,613.43 in Westlaw charges.

### 5. Lodestar Calculation

Having determined Thomason's attorney's reasonable hours expended and reasonable rates, the Court calculates the lodestar as follows:

- January 10, 2014 to June 30, 2016: 477.09 hours x $375 = $178,908.75
- July 1, 2016 to August 1, 2017: 134.82 hours x $400 = $53,928.00
- Hours replying to MetLife's response: 18 hours x $400 = $7,200.00

11

- Westlaw charges: $3,613.43

The total attorney's fees is $243,650.18.

### IV. Conclusion

Having found Thomason is entitled to reasonable attorney's fees because he achieved some success on the merits and having found a 10% deduction is appropriate, the Court **GRANTS in part and DENIES in part** Thomason's motion. The Court awards Thomason $243,650.18 in attorney's fees.

**SO ORDERED.**

Signed March 5th, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE